SHIVERS, Senior Judge.
Terrón Walker has appealed from a conviction of second-degree murder. He alleges that the trial court erred in prohibiting cross-examination of a state witness as to the intended victim’s reputation for violence. We affirm.
Walker was charged with the first-degree murder of Mike Moorer. Walker, Paul Copeland, Jody Dukes, and Moorer were engaged in a dice game. Dukes and Walker began to argue, whereupon Dukes punched Walker in the mouth and threw beer on him. Copeland broke up the fight and Walker left, returning about five minutes later with a gun. Copeland tried to restrain him, but Walker fired over Copeland’s shoulder, allegedly to “scare” Dukes but instead striking Moorer, who later died.
The state called Copeland at trial, where he testified to the circumstances of the shooting. During cross-examination, the defense asked Copeland if Dukes had had a reputation for violence. The court sustained the state’s objection on the ground of lack of a proper foundation for the testimony. When the state objected to a second defense attempt to question Copeland about Dukes’ reputation, the court stated its primary concern that the matter was outside the scope of direct examination. However, the court also sustained the objection on the ground that there was no evidence in the record that Walker had knowledge of Dukes’ reputation, whatever it was.
Walker argues that cross-examination extends to the entire subject-matter on direct, Zerquera v. State, 549 So.2d 189 (Fla.1989), and that the state invited testimony of Dukes’ reputation by eliciting from Copeland that Walker and Dukes argued prior to the shooting. He further contends that the error is not harmless. That is, had the jury known of Dukes’ reputation for having a hot temper, it might have appeared reasonable for Walker to arm himself, opening the door to a verdict of excusable homicide.
First of all, the record shows that, in addition to its concern that the reputation testimony exceeded the scope of direct examination, the trial court specifically sustained the state’s objection based on the absence from the record of a proper evidentiary foundation for the testimony, i.e., Walker’s knowledge of Dukes’ reputation. Walker does not argue that the testimony was incorrectly excluded on that ground.
Further, Walker claims that any error was not harmless, i.e., had the jury known Dukes’ reputation, it might have found reasonable Walker’s action in arming himself, and thus that the ensuing homicide was excusable. We find this argument patently without merit. The evidence showed that, at the time Walker returned with a gun, the confrontation with Dukes had ended and Walker had been physically absent from the scene for some five minutes. There was no evidence that, upon his return, Dukes made renewed verbal or physical threats toward him. We therefore find that there was “no reasonable possibility that any error contributed to the conviction,” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986), and affirm.
BOOTH and KAHN, JJ., concur.